Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
October 29, 2018

**2018 CO 86**

**No. 17SC195, <u>People v. Lozano-Ruiz</u> — Plain Error — Criminal Jury Instructions.**

In this case, the supreme court reviews the trial court's reversal of a sexual assault conviction for failure to provide a jury instruction containing the statutory definition of "sexual penetration." The court concludes that because the question of whether sexual penetration had occurred was not a contested issue at trial, the county court did not plainly err by failing to give a corresponding instruction to the jury.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2018 CO 86

**Supreme Court Case No. 17SC195**
*Certiorari to the District Court*
El Paso County District Court Case No. 16CV32107

**Petitioner:**

The People of the State of Colorado,

v.

**Respondent:**

Rodolfo Lozano-Ruiz.

**Judgment Reversed**
*en banc*
October 29, 2018

**Attorneys for Petitioner:**
Daniel H. May, District Attorney, Fourth Judicial District
Carleigh C. Fite, Deputy District Attorney
Tanya A. Karimi, Deputy District Attorney
  *Colorado Springs, Colorado*

**Attorneys for Respondent:**
McClintock Law Firm, LLC
Elizabeth A. McClintock
  *Colorado Springs, Colorado*

**JUSTICE HART** delivered the Opinion of the Court.

¶1    We granted certiorari to review an order from the El Paso County District Court reversing the sexual assault conviction of defendant, Rodolfo Lozano-Ruiz, due to the county court's failure to provide a jury instruction containing the statutory definition of "sexual penetration."[1]  Under the circumstances of this case, we disagree that such an omission constituted reversible error.  Therefore, we reverse the district court's order and reinstate the county court conviction.

## I.  Facts and Procedural History

¶2    Lozano-Ruiz was convicted of misdemeanor sexual assault of a victim between the ages of 15 and 17, where the difference in his age and hers fell beyond a ten-year range. *See* § 18-3-402(1)(e), C.R.S. (2018).  At trial, Lozano-Ruiz argued vehemently that he did not know that the young woman was a minor.  He did not contest the repeated characterization, by witnesses and the prosecutor, of the physical interaction between the two as "sex" or "sexual intercourse."  When specifically asked if Lozano-Ruiz "put his penis inside of [her]," the minor victim responded in the affirmative, without any apparent hesitation or indicia of confusion.  Defense counsel did not cross-examine the victim as to this statement or otherwise call into question the victim's use of the word

---

[1] We granted certiorari to review the following issue:

1. Whether the district court erred in holding that omitting the definition of "sexual penetration" from the jury instructions contributed to the conviction and therefore constituted reversible plain error.

"sex" to describe the physical contact she had with Lozano-Ruiz. Nor did Lozano-Ruiz offer any contradictory testimony.

¶3 The trial court provided the jury with an instruction setting forth the elements of the crime charged: that the defendant knowingly "inflicted sexual intrusion or penetration on a person" who was between 15 and 17 years of age when the defendant was at least ten years older than the person and not the person's spouse. The court did not provide the jury with an instruction defining "sexual penetration." Lozano-Ruiz did not object to the instructions provided, and he did not request a definitional instruction.

¶4 Lozano-Ruiz appealed his conviction to the district court, arguing that the county court erred by failing to instruct the jury as to the definition of "sexual penetration." The district court agreed and vacated Lozano-Ruiz's conviction. The district court recognized that, because there had been no objection to the absence of a definitional instruction at trial, it was reviewing for plain error. Applying that standard, the court concluded that there was a reasonable possibility that the absence of the definition of "sexual penetration" improperly contributed to the jury verdict.

## II. Analysis

¶5 Like the district court, we review the trial court's omission of the definitional instruction for plain error. *See Auman v. People*, 109 P.3d 647, 665–66 (Colo. 2005); *People v. Fichtner*, 869 P.2d 539, 543 (Colo. 1994). This review requires us to determine whether a reasonable possibility exists that the absence of the definitional instruction contributed to Rozano-Luiz's conviction "such that serious doubt is cast upon the reliability of the jury's verdict." *Auman*, 109 P.3d at 665. In this case, we cannot agree with the district

3

court's conclusion that the missing instruction might have influenced the jury's verdict. Instead, because the question of whether sexual penetration occurred was not contested at trial beyond the mere fact of the defendant pleading not guilty, failure to include the definitional instruction did not rise to the level of plain error.

¶6 In reviewing erroneous jury instructions, we have consistently explained that "[f]ailure to instruct the jury properly does not constitute plain error where the subject of the error in the instruction is not contested at trial . . . ." *Bogdanov v. People*, 941 P.2d 247, 255 (Colo. 1997); *see also Fichtner*, 869 P.2d at 543–44; *People v. Pearson*, 546 P.2d 1259, 1263 (Colo. 1976). Here, Lozano-Ruiz never contested the testimony from several witnesses that he and the victim engaged in "sex" or "sexual intercourse." He did not cross-examine the victim as to the veracity of her statement that he put his penis inside of her. His sole defense at trial was mistake of age, a defense wholly unrelated to the statutory definition of "sexual penetration." *Cf. Auman*, 109 P.3d at 651–52 (concluding that the jury instructions were erroneous where the "knowingly" element of theft was omitted and the defendant's defense to the related burglary charge "centered upon the claim that she had not formed the intent to steal when the unlawful entry occurred").

¶7 While Lozano-Ruiz did not *concede* that sexual penetration occurred, in that he maintained throughout the trial that he was not guilty of the charged offense, he also did not *contest* that sexual penetration occurred, in that he never challenged the evidence suggesting that it had. It is the failure to *contest* the issue that is the crucial missing ingredient here. Without putting the definition of "sexual penetration" at issue in the

trial, and without objecting to the jury instructions, Lozano-Ruiz cannot now claim that the trial court plainly erred in omitting that definition from the instructions.

### III. Conclusion

¶8      Because the statutory definition of "sexual penetration" was not a contested issue at trial, the county court did not plainly err by failing to give a corresponding jury instruction. Accordingly, we reverse the district court's order and affirm Lozano-Ruiz's conviction.